# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARNELL BROWN, #11220-025, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 19-cv-00054-SMY |
| T. G. WERLICH, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Darnell Brown, an inmate currently incarcerated at the Federal Correctional Institution located in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). This matter is now before the Court for review of the Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the Rules to other habeas corpus cases.

## Background

Brown was sentenced to 151 months of imprisonment on November 14, 2014. (criminal case, Doc. 31). He was designated a career offender (*see* U.S.S.G. § 4B1.1) based on two prior convictions, including a conviction for attempted aggravated fleeing or attempting to elude a police officer, which was considered a crime of violence under U.S.S.G. § 4B1.2(a). (criminal case, Doc. 23). He did not file an appeal. *See Brown v. Warden FCI Greenville*, No. 17-cv-0729-DRH, Doc. 1, p. 2 (S.D. Ill.).

Brown filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, following the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). He challenged his designation as a career offender and sentence. *Brown v. United States*, No. 3:15-cv-01232-DRH (S.D. Ill.). Brown's § 2255 Motion was dismissed with prejudice after the Court determined that his claim was foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 866 (2017) (explaining that *Johnson* does not extend to § 4B1.2's residual clause because the advisory Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause).

Shortly thereafter, Brown filed a habeas corpus action under to 28 U.S.C. § 2241, again challenging his sentence as a career offender. *Brown v. Warden FCI Greenville*, No. 17-cv-0729-DRH (S.D. Ill.). He argued the crime of attempted aggravated fleeing or attempting to elude a police officer no longer qualified as a crime of violence after *Begay v. United States*, 553 U.S. 137 (2008) and that he had received a punishment the law cannot impose. *Id*. Brown's § 2241 Motion was dismissed with prejudice on August 16, 2017. Brown filed the instant § 2241 Petition on January 17, 2019.

**The Petition**

Brown relies on the Supreme Court's decision in *Mathis* to again challenge his designation and sentence as a career offender under U.S.S.G. § 4B1.2. (Doc. 1, pp. 1, 3). He contends he is not a career offender because his prior conviction for attempted aggravated fleeing or attempting to elude a police officer no longer qualifies as a crime of violence for enhancement under U.S.S.G. § 4B1.2. (*Id*.). He alleges that without the career offender enhancement, the Sentencing Guidelines range would have been 21-27 months, and therefore, the 151 month sentence he

2

received was unreasonable and exceeds the period of incarceration allowed by law. (Doc. 1, pp. 4, 9-10). Brown seeks resentencing without the career offender enhancement. *Id*.

## **Discussion**

Brown cannot bring his *Mathis* claim in a § 2241 Petition. Some errors can be raised on direct appeal, but not in a collateral attack such as a § 2255 Motion or § 2241 Petition. A claim that a defendant was erroneously treated as a career offender under the Advisory Sentencing Guidelines is one such claim. *Hawkins v. United States*, 706 F.3d 820, 824-25 (7th Cir. 2013); *see also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014). In *Hawkins*, the Seventh Circuit found that an error in calculating the Sentencing Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Sentencing Guidelines, the district court's determination that the sentence was appropriate, and the sentence did not exceed the statutory maximum. *Id*.

Brown raises the same issue presented in *Hawkins*; the use of a prior conviction that allegedly no longer qualifies under current law as a predicate conviction for the career offender enhancement. In its supplemental opinion on denial of rehearing in *Hawkins*, the Court held, "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had, as in *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011), been sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Hawkins II*, 724 F.3d at 916.

The Sentencing Guidelines have been advisory since the Supreme Court's decision in *United States v. Booker*, 543 U.S. (2005). Brown was sentenced in 2014 – long after *Booker* was decided and received a sentence that was well within the 20-year statutory maximum. (criminal case, Doc. 23). "[P]ostconviction relief is not proper because the judge, though he could lawfully

have imposed the sentence that he did impose, might have imposed a lighter sentence had he calculated the applicable guidelines sentencing range correctly." *Hawkins II*, 724 F.3d 915, 917 (7th Cir.). Therefore, Brown cannot demonstrate a miscarriage of justice so as to permit a § 2241 Petition.

Brown argues that a post-*Booker* error in the Sentencing Guidelines range may also constitute a miscarriage of justice sufficient to support resentencing based on the Supreme Court's decisions in *Peugh*, *Molina-Martinez*, and *Rosales-Mireles*. However, *Peugh*, *Molina-Martinez* and *Rosales-Mireles* are *direct appeal* cases and don't involve collateral attack. *Peugh v. United States*, 133 S.Ct. 2072 (2013); *Molina-Martinez v. U.S.*, 136 S.Ct. 1338 (2016); *Rosales-Mireles v. U.S.*, 138 S.Ct. 1897 (2018). A direct appeal has a different legal standard than post-conviction relief. *See Hawkins II*, 724 F.3d at 917. Thus, these decisions are not determinative of the issue presented in this case do not alter the binding precedent of *Hawkins*.

For the reasons stated, Brown cannot demonstrate a miscarriage of justice so as to permit a § 2241 petition, and therefore, the savings clause affords Brown no relief. Accordingly, his § 2241 petition will be dismissed.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he does choose to appeal and is allowed to proceed IFP, Petitioner will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six

months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for Petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Dated: April 16, 2019**

s/ STACI M. YANDLE
**United States District Judge**