IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARNELL BROWN, #11220-025, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00054-SMY |
| | ) |
| T. G. WERLICH, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Petitioner Darnell Brown's Rule 59(e) Motion for Reconsideration. (Doc. 7). Brown seeks reconsideration of the Court's April 16, 2019 Order dismissing his Petition upon threshold review pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in United States District Courts.

## Background

Brown was sentenced to 151 months of imprisonment on November 14, 2014. He was designated a career offender (*see* U.S.S.G. § 4B1.1) based on two prior convictions, including a conviction for attempted aggravated fleeing or attempting to elude a police officer, which was considered a crime of violence under U.S.S.G. § 4B1.2(a). Brown filed this habeas action pursuant to 28 U.S.C. § 2241 on January 17, 2019, relying on the Supreme Court's decision in *Mathis*[1] to challenge his designation and sentence as a career offender. The Court dismissed the habeas petition based on binding Seventh Circuit precedent finding, "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had . . .

---

[1] In *United States v. Mathis*, the Supreme Court held that a prior conviction counts as a predicate crime under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), only "if its elements are the same as, or narrower than, those of the generic offense." 136 S.Ct. 2243, 2248 (2016).

1

been sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Hawkins v. United States*, 724 F.3d 915, 916 (7th Cir. 2013). Brown was sentenced long after *Booker* was decided and received a sentence that was well within the applicable 20-year statutory maximum for the crime to which he pled guilty. *United States v. Brown*, SDIL case no. 3:14-cr-30082-DRH, Docs. 26, 28.

## **Discussion**

Once final judgment has been entered in a civil case, a dissatisfied litigant's avenues for reconsideration fall under Federal Rule of Civil Procedure 59(e) or 60(b). *See Abcarian v. McDonald*, 617 F.3d 931, 943 (7th Cir. 2010). Whether a motion is construed under Rule 59(e) or Rule 60(b) depends on the date the motion was filed and the substance of the motion, not the label on the motion. *See Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir.).

Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir. 2006). A Rule 59(e) motion must be filed within 28 days of the challenged order; this strict time limit cannot be extended. Fed. R. Civ. P. 59(e).

Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(b) motion. A motion under Rule 60(b)(1) asserting mistake, inadvertence, surprise or excusable neglect may be filed within one year after entry of judgment. Fed. R. Civ. P. 60(c)(1).

Brown's motion was received by the Clerk's Office on May 15, 2019. (Doc. 7). If that date governs, Rule 60(b) applies because the motion was filed outside the 28-day window of Rule 59(e). However, if Brown gets the benefit of the prisoner mailbox rule, the date on the motion is used (May 13, 2019, *see* Doc. 7, p. 13) and Rule 59(e) applies.[2] Brown is not entitled to relief under either Rule.

Brown has not identified any newly discovered evidence or any manifest error in the Court's ruling. Instead, he argues that *Hawkins* is no longer sound precedent because it was effectively overruled by *Mathis* and *United States v. Edwards*, 836 F.3d 831 (7th Cir. 2016). The Court disagrees. *Edwards* was a direct appeal and has no relevance to the issue of whether *Hawkins* forecloses consideration of Brown's argument on collateral review. Further, the Seventh Circuit recently reaffirmed the holding in *Hawkins* that foreclosed relief in a *Mathis* challenge. *Hanson v. United States*, 941 F.3d 874, 878 (7th Cir. 2019). There is no meaningful way to distinguish *Hawkins* from this case; that decision is binding precedent in this Circuit and remains dispositive. As such, Brown fails to raise any grounds under Rule 59(e) to vacate the judgment.

Nor has Brown shown any grounds for relief under Rule 60(b) (if the mailbox rule doesn't apply). Alleged mistake of law cannot properly be addressed in a Rule 60(b) motion. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d

---

[2] When determining whether a legal document from a pro se prisoner is timely, the Seventh Circuit Court of Appeals instructs district courts to apply the "mailbox rule." *Taylor v. Brown*, 787 F.3d 851, 858-59 (7th Cir. 2015). Under this rule, "a pro se prisoner's legal documents are considered filed on the date that they're tendered to prison staff in accordance with reasonable prison policies, regardless of whether they are ultimately mailed or uploaded." *Taylor*, 787 F.3d at 858-59. This is because "the pro se prisoner has no choice but to entrust the forwarding of his [legal documents] to prison authorities whom he cannot control or supervise and who may have every incentive to delay." *Houston v. Lack*, 487 U.S. 266, 271 (1988).

3

431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b)"). And, Brown does not claim surprise, excusable neglect, fraud or misconduct by the opposing party, or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(b) motion.

## Disposition

Upon review of the record, the Court remains persuaded that its ruling dismissing the Petition was correct. Therefore, the Motion (Doc. 7) is **DENIED**.

If the instant motion to reconsider was timely filed under Rule 59(e), it suspended Brown's deadline to seek an appeal. Fed. R. App. P. 4(a)(4)(A); Fed. R. Civ. P. 59(e). In that event, if Brown wishes to appeal the dismissal of this action, his notice of appeal must be filed with this court within 60 days of the date of this order. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Brown plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Brown does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**Dated: January 15, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**